UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 17-cr-20323
    Hon. Matthew F. Leitman

KENDRICK JAQUA CURTIS,

    Defendant.
_____/

**ORDER (1) DENYING DEFENDANT'S MOTION TO CORRECT AND/OR AMEND PRESENTENCE INVESTIGATION REPORT (ECF No. 38) AND (2) DIRECTING DEFENDANT TO PROVIDE ADDITIONAL INFORMATION REGARDING HIS REQUEST FOR THE APPOINTMENT OF COUNSEL (ECF No. 40)**

**A**

In this action, Plaintiff United States of America charged Defendant Kenrick Jaqua Curtis with four offenses: (1) Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1); (2) Possession with Intent to Distribute a Controlled Substance – Cocaine in violation of 21 U.S.C. § 841(a)(1); (3) Possession with Intent to Distribute a Controlled Substance – Heroin in violation of 21 U.S.C. § 841(a)(1); and (4) Possessing a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c). (*See* Indictment, ECF No. 1.) On March 1, 2018, pursuant to a written plea agreement, Curtis pleaded guilty to the Possession with Intent to Distribute a Controlled Substance – Cocaine and Possessing a Firearm in Furtherance of a Drug

1

Trafficking Crime charges. (*See* Plea Agmt., ECF No. 30.) The parties thereafter submitted sentencing memoranda and a presentence investigative report (the "PSR") was prepared. On July 24, 2018, another Judge on this Court sentenced Curtis to a term of twelve months on the possession with intent to distribute count and sixty months on the possession of a firearm charge. (*See* Judgment, ECF No. 34, PageID.109.)

**B**

On October 10, 2019, Curtis filed a motion to correct or amend portions of the PSR. (*See* Mot., ECF No. 38.) Curtis argues that the errors caused him to be sentenced based on inaccurate information. (*See id.*) The Court has carefully reviewed Curtis' motion and concludes that he is not entitled to relief.

First, Curtis argues that the PSR did not accurately reflect the number of criminal history points that he should have been assessed. Curtis says that the PSR indicated that he received two additional criminal history points because he was "indicted [while on] parole, probation and/or supervised release, work release, imprisonment, or escape status." (*See id.*, PageID.135.) And Curtis insists that he "has never been on any of these statuses." (*Id.*; emphasis removed). He therefore argues that the PSR was inaccurate. But Curtis agreed to the assessment of these two points in his plea agreement. (*See* Plea Agmt., ECF No. 30, PageID.80.) Thus, because Curtis agreed to the assessment of these criminal history points, he is not entitled to an amendment of the PSR removing the reference to those points.

Second, Curtis says that there are several "clerical error[s]" in the PSR, including an error that lists his criminal history points as 14 points instead of the 13 points listed in his plea agreement. (*See* Mot., ECF No. 38, PageID.135.) But Curtis has not shown that the PSR was incorrect when it listed his criminal history. Curtis' plea agreement was prepared by the parties. The PSR was prepared by the Court's probation department after an independent investigation and review of Curtis' criminal history. It is not uncommon for the probation department to uncover additional elements of a defendant's criminal history during this review that is not reflected in the parties' plea agreement. And Curtis acknowledged when he pleaded guilty that it was possible that the Court could "find [that his] criminal history category [was] higher than [what was] reflected" in his plea agreement. (Plea Agmt., ECF No. 30, PageID.70.) Thus, the fact that the PSR reflected more criminal history points than the plea agreement may simply mean that the probation department found additional information regarding Curtis' criminal history that the parties were unaware of at the time of the plea. Curtis has not shown otherwise. Moreover, even if the PSR did wrongly reflect an assignment of 14 criminal history points rather than 13, Curtis has not sufficiently explained how that caused him any harm. As reflected on the worksheets to his plea agreement, Curtis was assigned to "criminal history category VI" which reflected a total of "13 or more" criminal history points. (*Id.*, PageID.80.) Therefore, whether Curtis had 13 or 14 criminal history points, he still would have been assigned to the same criminal history category. Finally, if Curtis had objections or corrections to errors in the PSR, the time

to raise those objections was prior to sentencing, not more than a year after he was sentenced.[1]

For all of these reasons, the Court **DENIES** Curtis' motion to correct or amend the PSR (ECF No. 38.)

## C

Finally, on June 15, 2020, Curtis filed a letter with the Court in which he requests that the Court appoint him counsel. The letter, in full, reads as follows: "I am requesting representation for the 782 amendment." (ECF No. 40, PageID.139.) The Court needs more information to fully consider his request. Among other things, the Court needs to know why Curtis believes that he is entitled to relief under the "782 Amendment" and why Curtis needs counsel to request that relief. The Court therefore **DIRECTS** Curtis, if he wishes to proceed in his request for counsel, to explain in writing the basis for that request.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 4, 2020

---

[1] At the time of sentencing, the Court accepted the PSR as accurate, and Curtis has not argued that his counsel was ineffective for failing to object to the acceptance of the PSR at that time.

4

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 4, 2020, by electronic means and/or ordinary mail.

s/ Holly A. Monda
Case Manager
(810) 341-9764
