UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                Case No. 17-cr-20323
                                Hon. Matthew F. Leitman

KENDRICK JAQUA CURTIS,

    Defendant.
_____/

## ORDER DENYING MOTION FOR JUDICIAL RECOMMENDATION (ECF No. 48)

Defendant Kendrick Jaqua Curtis is a federal inmate in the custody of the Federal Bureau of Prisons (the "BOP"). On March 1, 2018, Curtis pleaded guilty to one count of possession of a controlled substance with intent to deliver in violation of 21 U.S.C. § 841(a)(1) and one count of possessing a firearm in furtherance of a dug trafficking crime in violation of 18 U.S.C. § 924(c). (*See* Rule 11 Plea Agmt., ECF No. 30.) The Court subsequently sentenced Curtis to 72 months in custody. (*See* Judgment, ECF No. 34.)

On March 2, 2022, Curtis filed a Motion for Judicial Recommendation in which he asks that this Court recommend a "12 to 18 months [] placement" in a residential reentry center ("RRC"). (*See* Mot., ECF No. 48.) Curtis explains that he has completed a variety of programs while incarcerated, obtained a vocational

license, and stayed discipline free. (*Id.*, PageID.162.) The Government opposed. (*See* Resp., ECF No. 49.) After reviewing both parties' arguments, the Court declines to offer its recommendation.

The Second Chance Act, Pub. L. No. 110-199, § 251(a), 122 Stat. 657 (2008), amended 18 U.S.C. § 3624(c) to provide that the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed twelve months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3642(c)(1). An inmate's placement at any particular facility is solely within the authority of the BOP. *See* 18 U.S.C. § 3621(b). "The decision to place an inmate in a pre-release community confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)." *United States v. George*, 2018 WL 2148179, at *2 (E.D. Mich. May 10, 2018); *see also* 18 U.S.C. § 3624(c). These factors are as follows:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence—
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

2

>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). The statute further provides that "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the [BOP] under this section to determine or change the place of imprisonment of that person." *Id.*

Under the circumstances of this case, the Court is not inclined to make a recommendation regarding Curtis's placement. The Court commends Curtis on his record of achievement while incarcerated. However, the Court believes that the BOP is still in the best position to evaluate his complete record and determine whether placement in an RRC is appropriate for Curtis. *See United States v. Franklin*, 2019 WL 4942033, at *1 (E.D. Mich. Oct. 8, 2019) (deferring to Bureau of Prisons regarding placement in RRC or home confinement); *see also George*, 2018 WL 2148179 at *3 ("The BOP has the most complete and accurate information regarding the five factors to make an individual determination regarding Defendant's placement."). Accordingly, the Court does not see it fit to weigh in on, either for or against, any particular placement.

Case 2:17-cr-20323-MFL-APP   ECF No. 50, PageID.175   Filed 03/31/22   Page 4 of 4

For the foregoing reasons, the Court **DENIES** Curtis's Motion for Judicial Recommendation (ECF No. 48).

**IT IS SO ORDERED**.

Dated: March 31, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

4